14888

KNOX v. METROPOLITAN LIFE INS. CO.

(3 S. E. (2d), 245)

*Messrs. Grier, McDonald & Todd* and *Elliott, McLain, Wardlaw & Elliott*, for appellant,

*Mr. W. K. Charles*, for respondent,

June 2, 1939.

The opinion of the Court was delivered by MR. H. F. RICE, ACTING ASSOCIATE JUSTICE.

This statement is taken from the Transcript of Record for the Supreme Court:

"This action was commenced by service of summons and complaint on the 17th day of January, 1938, demanding $2,900.00 for an alleged fraudulent breach of an insurance contract. In due time the defendant filed its answer to the complaint.

"The case came on for trial before the Court of Common Pleas for Greenwood County and a jury on the 17th day of June, 1938, and resulted in a verdict in favor of plaintiff for the sum of $43.75 actual and $800.00 punitive damages. During the course of the trial the defendant made motions for a nonsuit and for a directed verdict upon grounds hereinafter set forth, which were overruled. The defendant duly made a motion for a new trial which was denied.

"In due time the defendant appealed to this Court."

The defendant issued a policy on December 5, 1937, to Thomas R. Knox, the plaintiff herein, in the sum of Three Hundred and Seventy ($370.00) Dollars, upon the life of the said Thomas R. Knox, in consideration of the payment of twenty-five cents weekly. At the time the policy was issued, the plaintiff was residing at Chester, South Carolina, and the policy was issued by an agent of the company there.

That while the policy was in full force and effect and no premiums being in arrears and on which there had been earned considerable dividends, as provided in the said policy, on the 20th day of July, 1937, plaintiff mailed to defendant's agent at Chester, S. C., a money order payable to the defendant in the sum of Three ($3.00) Dollars, together with 1937 dividend statement and receipt for two dollars signed in blank, and requested the said defendant, through its agent at Chester, to apply the said dividend and money order as payments on his policy, which would have paid the premiums thereon until about the 6th of December, 1937.

Attached to the said money order and dividend statement and receipt mailed to defendant's agent at Chester was the policy above described and weekly premium receipt book.

On the 3rd day of August, 1937, Mr. Bankhead, agent for the defendant company at Chester, returned the said money order, policy and weekly receipt book sent to him as aforesaid without entering the payments therein and refusing to accept the same, advising plaintiff that the said insurance was being transferred to Agent Fuller at Greenwood, who witnessed plaintiff's signature.

Knox, according to his testimony, had his residence at Chester, where the policy was originally taken out, but at the time set out in the complaint he was working at South Greenwood and had been working there some two years, although his place of residence was at Chester.

Knox, who had carried this policy for nearly ten years, took all the papers returned to him by Mr. Bankhead to a

Mr. Fuller, who was the agent of the defendant at Green-wood and requested him to see that his policy was kept in force and that the proper credits were given him, so as to prevent the policy from lapsing. This was not done by Fuller and Knox again made application to the agent at Chester to have the proper credits made so as to keep his policy in force. In fact, he kept going from one of these agents to the other, in the effort to have them accept the money order of three dollars, which he had offered to them and to give him credit for a dividend of two dollars, which he was entitled to, at that time, under the policy.

It would serve no good purpose to follow the various attempts made by Knox to both of these agents, to have his policy kept in force by the acceptance of the three-dollar money order and the dividend of two dollars, to which he was entitled. Either one of these agents could have done what he asked them to do, but they kept shuttling him back from one to the other upon various pretexts, until finally the policy lapsed, while the agent, Mr. Fuller, had in his hand all the papers necessary, the three-dollar postal money order and the two-dollar dividend. Both of these agents, during all the time while he was going from one to the other, practically begging them to accept the money order and dividend in payment of his premium, knew that in a short while, if they did not accept this premium, that the policy would be lapsed.

Knox's purpose in paying the premiums up to or about December 6, 1937, was to complete the ten-year period that his policy was running and to put it in shape, so that he could borrow the sum of Forty-three & 75/100 ($43.75) Dollars on it.

Both of these agents knew what Knox wanted, according to the testimony of Mr. Knox and of other witnesses. Fuller denied this, but there was ample testimony that showed that he did know it. The testimony showed also, that if Bank-head had carried out Knox's wishes, that by the loan being made on the policy, Bankhead would have been penalized

five dollars. Fuller knew that if it was transferred to him and the loan made, he would lose five dollars.

So it seems to me that there was ample evidence as to the alleged fraudulent breach of the contract accompanied by a fraudulent act to submit the case to the jury on the question of punitive damages, and that the trial Judge properly did so. This man Knox did everything that he apparently could to keep the policy in force and to put it in that condition where he could borrow the money that he wanted.

As neither one of these agents would carry out his wishes, in desperation he wrote to the defendant's headquarters in New York and it was more than thirty days before he received any reply from them and then it was to the effect that his policy had lapsed.

I think there is no error committed by the Circuit Judge when he refused to direct a verdict as to punitive damages.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.